UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


CHRISTIN SMETHERS,                )        CASE NO.  5:05 CV 1658
                                       )
            Plaintiff,          )        JUDGE JAMES S.  GWIN
                                         )
        v.                      )
                                         )
                                         )        <u>MEMORANDUM OF OPINION</u>
DAVID JOLIET, <u>et al</u>.,          )        <u>AND ORDER</u>
                                         )
           Defendants.       )


On May 27, 2005, plaintiff Christin Smethers filed a <u>pro</u> <u>se</u> civil action against defendants David Joliet and Children's Hospital Medical Center of Akron in the Summit County, Ohio, Court of Common Pleas. <u>Smethers v. Children's Hosp. Medical Center of Akron</u>, No. CV-2005-05-3119. Defendants aver they were served a summons and complaint for the action on June 8, 2005. Both defendants filed a Notice of Removal in this court on June 22, 2005 pursuant to 28 U.S.C. §§1331 and 1441(b), based on federal question jurisdiction.    In her complaint before the Summit

County Court of Common Pleas, Ms. Smethers sought actual and punitive damages for conversion of property and RICO violations.

### Background

The relevant facts alleged in the complaint are brief.  Ms. Smethers claims that on January 31, 2005, the defendants received an "administrative" Notice of Levy from the Internal Revenue Service (I.R.S.).  She asserts that the Notice was invalid, yet the defendants have refused to "return Plaintiff's property on demand." (Compl. at 3.) Defendants have advised Ms. Smethers that they will continue to "give Plaintiff's property to the I.R.S." (Compl. at 2.)  She claims that defendants have wrongfully converted $6,273.46 to the I.R.S. --- a sum which she seeks to recover from this court in treble damages of $18,820.38 as well as $1,000,000.00 punitive damages.

In their Notice of Removal, defendants maintain that this court has federal question jurisdiction over Ms. Smethers's complaint because she asserts racketeering violations under 18 U.S.C. § 1961 and violations of the levy provisions of the Internal Revenue Code, 26 U.S.C. §§ 6331 to 6344. Although this court does have subject matter jurisdiction over these actions, the complaint is dismissed for failing to state a claim for relief.

### Federal Law Applies

It is axiomatic that where essential interests of the federal government are involved, federal law applies unless Congress chooses to make state laws applicable. United States v. 93.970 Acres of Land, Ill., 360 U.S. 328 (1959).  Further, the rights and liabilities of the United States for conduct within the scope of its constitutional powers are to be determined by federal, not state, law. See United States v. Standard Oil Co., Cal., 332 U.S. 301 (1947); see also United States v. Rodgers,

461 U.S. 677, 683 (1983)(it has long been an axiom of our tax collection scheme that, although the definition of underlying property interests is left to state law, the consequences that attach to those interests is a matter left to federal law); United States v. Mitchell, 403 U.S. 190, 205 (1971)(state law determines income attributable to wife as community property, but state law allowing wife to renounce community rights and obligations not effective as to liability for federal tax).

Here, the injury of which Ms.  Smethers complains directly relates to actions  initiated by the I.R.S.  Therefore, this federal tax matter clearly effects the interests of the United States and  is controlled by federal law.

*Notice of Levy*

**1.  Validity of Administrative Notice**

The centerpiece of Ms. Smethers's complaint hinges on an "administrative notice of levy" issued by the I.R.S. and received by defendants on January 31, 2005.  She argues, in part, that the notice was invalid because it is an administrative notice that lacks the force of law.  In support of her position she cites dicta in Schulz v.  I.R.S., No.  04 -0196 [395 F.3d 463 (2d Cir.  2005)], wherein the Second Circuit Court of Appeals held that a taxpayer lacked standing to challenge the mere issuance of administrative summons.[1]

---

[1]      In Schulz, the I.R.S. served the plaintiff with a series of administrative summonses seeking testimony and documents in connection with an I.R.S. investigation of the plaintiff.  Mr.  Schulz filed motions to quash those summonses in federal district court.  The court dismissed his motions for lack of subject matter jurisdiction, finding that, because the I.R.S.  had not commenced a proceeding to enforce the summonses, a procedure described in 26 U.S.C. § 7604, Schulz was under no threat of consequence for refusal to comply and, until such time as the I.R.S. chose to pursue compulsion in a United States district court, no case or controversy existed.

The facts at issue in <u>Schulz</u> are not remotely relevant to the January 31, 2005 Notice of Levy which the I.R.S. issued in this case.  There are no allegations in the complaint that the I.R.S. is demanding documents or the testimony of Ms.  Smethers.  The Notice she received is not controlled by the procedural safeguards at issue in <u>Schulz</u>.  Further, Ms. Smethers has not given this court the benefit of any facts that explain what "personal and private property" the defendants have unlawfully taken or under what authority she is challenging this "taking," she does claim that the I.R.S. was not authorized to issue a levy to anyone outside the United States government pursuant to 26 U.S.C. §6331(a).  Therefore, the court presumes that Ms. Smethers is challenging an I.R.S. Notice of Levy issued pursuant to 26 U.S.C. § 6331, which provides:

> (1) In general.--Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.
>
> (2) 30-day requirement.--The notice required under paragraph (1) shall be--
>
>> (A) given in person,
>>
>> (B) left at the dwelling or usual place of business of such person, or
>>
>> (C) sent by certified or registered mail to such person's last known address, no less than 30 days before the day of the levy.

26 U.S.C. § 6331.  It is clear that the I.R.S. can issue a levy upon the salary, wages or other property of any person with respect to unpaid taxes after that person has been notified of the Secretary of Treasury's intent to issue such a levy.  Thus, Ms. Smethers's claim that an administrative notice of levy without a federal order is invalid <u>per se</u>, lacks merit.

4

**2.      Personal Property not Subject to Levy**

The language in §§ 6321 and 6331(a), the Supreme Court has observed, "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." Drye v. United States,   528 U.S. 49, 56  (1999)(quoting   United States v. National Bank of Commerce, 472 U.S. 713, 719-720 (1985)).  Further, it is quite clear, generally, that accrued salaries are property and rights to property subject to levy. Sims v. United States,  359 U.S. 108, 110-11 (1959). The only property exempt from levy is that listed in § 6334(a) of the Internal Revenue Code, 26 U.S.C.§ 6334(a), consisting of certain personal articles and provisions. It does not exempt salaries or wages.  Id.  Ms.  Smethers has not identified any item or items that fall under the protection of § 6334.  Without an allegation that the defendants seized property which was expressly exempt under the statute, her claim lacks a valid basis in law.

**3.      Applies Only to United States**

Without legal support or authority, Ms. Smethers claims that the I.R.S. is not authorized to issue a notice to "anyone outside the U.S. government." (Compl. a t 2.)  This is  presumably based on her reading of the language in the statute, which states, in part:

> Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official.

26 U.S.C. § 6331(a). The plaintiff's position is incorrect. The Supreme Court in Sims held that a levy may be made upon the  wages of a state employee, even though the statute authorizing levy does not

5

specifically mention state employees. The Court concluded that the legislative history of the statute made it clear that the language authorizing levy on the wages of federal employees was meant specifically to make applicable to federal employees the existing power of the I.R.S. to levy upon wages of individuals not employed by the federal government. Id[2]

Although Ms. Smethers is not a federal, nor presumably a state employee, it is clear that §6332 (which defines 'person' under the Tax Code) is stated in all-inclusive terms of general application. The statute further claries that "[t]he terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." 26 U.S.C. § 7701(b).

**4.      No Formal Seizure of Property**

Citing United States v. O'Dell, 160 F.2d 304 (6th Cir 1947) and Freeman v. May, 152 F. Supp 383 (D.N.J. 1957), Ms. Smethers complains that "[t]here has been no formal procedurally correct seizure of Plaintiff' property pursuant to 26 U.S.C. § 6331(b)." (Compl. at 2.) The statutory section to which she refers states:

> The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

---

[2]      The Court went on to explain that, "[i]t is evident that s 6331 was enacted to . . . subject the salaries of federal employees to the same collection procedure as are available against all other taxpayers, including employees of a State." Sims, 359 U.S. at 113 (emphasis added).

26 U.S.C. § 6331(b).  A reading of this section does not reveal with what procedure Ms.  Smethers claims the I.R.S. did not conform regarding the seizure of her property.  While she does claim "[t]here was no notice and demand pursuant to 26 U.S.C. §6303," she does not state whether she received a notice which was allegedly defective or if she is claiming she was never served with a notice.  Unfortunately, principles requiring generous construction of pro se pleadings are not without limits, and district courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Nothing in the complaint suggests the I.R.S. failed to comply with its own statutory procedures.  A taxpayer is provided due process protection in tax collection matters under the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub.L. 105-206, § 3401, 112 Stat. 685, 746.  Before proceeding with the collection by way of levy, the I.R.S. must provide notice to the person of his or her right to a hearing on the matter.  26 U.S.C. § 6330(a).  It is the responsibility of the individual, within 30 days of the section 6330 notice, to request a collection due process hearing with the I.R.S. Office of Appeals.  26 U.S.C. § 6330(a)(3)(B).  Ms.  Smethers does not explain what procedure or process the I.R.S. violated.

*Garnishment of Wages*

7

With regard to her property rights, the court can only assume that Ms. Smethers is expressing discontent about the garnishment of her wages. Notwithstanding her concerns, federal law mandates an employer's compliance with the Notice of Levy. The tax code prescribes that:

> Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a). Therefore, Ms. Smethers's employer had an obligation to garnish her wages or face potential penalties for its refusal. See 26 U.S.C. § 6332(d). If the company believed it had wrongly been served with a notice of levy to surrender Ms. Smethers's wages, its remedy lay in a refund action against the government. United States v. Weintraub, 613 F.2d 612 (6th Cir. 1979) cert. denied, 447 U.S. 905. More importantly, an employer is immunized from any action in compliance with this statute.[3]

_____

[3]Under the provisions of the statute:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment. 26 U.S.C. § 6332(e).

8

Therefore, if Ms. Smethers's damages claim against the defendants is based on improperly garnishing her wages because of alleged I.R.S. violations, it is foreclosed by statute. Contrary to her assertions, an "[a]dministrative levy, unlike an ordinary lawsuit, and unlike the procedure described in § 7403, does not require any judicial intervention, and it is up to the taxpayer, if he so chooses, to go to court if he claims that the assessed amount was not legally owing." Rodgers, 461 U.S. at 682-83.

### RICO

The right to sue under the treble damage provision of RICO requires a showing that the plaintiff was injured and that the defendant's violation was proximate cause of injury suffered by the plaintiff. See 18 U.S.C.A. §§ 1961(1)(B, D), (5); Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 265-66 (1992). Here, Ms. Smethers alleges that the defendants received "income derived directly from a pattern of racketeering activity as a principal to use and invest said income in the acquisition of Plaintiff's property." (Compl. at 3.) If she is claiming that the garnishment of her wages reflects a "pattern of racketeering," she has clearly failed to state a claim for relief. Again, these are conclusions unsupported by any facts which allege a cause of action.

### Anti Injunction Act

Ms. Smethers requests "this Court issue an injunction directing Defendants to cease and desist taking Plaintiff's private and personal property and giving it to the I.R.S." (Compl. at 3.) Under the Anti-Injunction Act, however, courts are specifically prohibited from exercising jurisdiction over a suit "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a); Bob Jones Univ. v. Simon, 416 U.S. 725, 738 (1974)(party's request to enjoin the I.R.S. from the collection

9

of taxes is barred under the Anti-Injunction Act); <u>Dickens v. United States</u>, 671 F.2d 969, 971 (6th

Cir.1982).  The purpose of the Anti- Injunction Act is "to permit the United States to assess and collect

taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed

sums be determined in a suit for refund."<u>J.L. Enochs v. Williams Packing & Navigation Co</u>, 370 U.S.

1, 7 (1962).  Therefore,  the Anti-Injunction Act forecloses any attempt to enjoin the further collection

of federal taxes.[4]  Accordingly, the court lacks subject matter jurisdiction over any action to enjoin

further garnishment of wages or to recover monies withheld on behalf of the I.R.S., to date.[5]

Based on the foregoing, this action is dismissed.  Further, the court CERTIFIES

pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: August 17, 2005                                        <u>s/     James S. Gwin</u>
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE

_____

[4]        Plaintiff would also be barred from pursuing a damages action under <u>Bivens</u> for a
purportedly unconstitutional collection of taxes, since federal statutory remedies foreclose such an
action. <u>Wages v. IRS</u>, 915 F.2d 1230, 1235 (9th Cir.1990), <u>cert</u>. <u>denied</u>, 498 U.S. 1096 (1991).
These available statutory remedies satisfy the dictates of due process. <u>See</u> <u>Fishburn v. Brown</u>, 125
F.3d 979, 982-83 (6th Cir.1997).

[5]        Considering an employer's statutory obligation to garnish wages in compliance with 26
U.S.C. § 6332, a claim for conversion could not be sustained.  <u>See</u> <u>Ohio Tel. Equip. & Sales, Inc.</u>
<u>v. Hadler Realty Co.</u>, 493 N.E.2d 289, 24 Ohio App.3d 91 (1985). Under Ohio law, "[a]
conversion is recognized as any exercise of dominion or control wrongfully exerted over the
personal property of another in denial of or under a claim inconsistent with his rights." <u>Id.</u>, 493
N.E.2d at 292, 24 Ohio App.3d at 93.